Ms. Maughan, you've got five minutes on the clock, but as you've seen, we'll keep you as long as we need you. Sounds great. Good morning, Your Honors. May it please the court, Courtney Moran, on behalf of the government. This court should affirm the district court's reasoned detention during his removal proceedings as required by Section 1226C. Don't we have to wait for Black and Mariano? They have precedence on this issue, and under our rules, we listen to what they do. So you could make arguments, but in the end, we have to follow what they do. I think that is one path the court could choose to take. Those cases were argued about one year ago, and Mr. Castro-Almonte took this appeal, and because he is still detained, I presume. No, but it's the same issue. Let me ask the question perhaps differently. Is there any reason why Black and Mariano would not be binding on us? Is there something different about those cases that give us the opportunity to come up with a different conclusion? I don't think so. Without having seen those decisions yet, I'm not sure what they will say, but it is the same issue, the fundamental issue of whether one person's detention. Then what we normally do is wait, and if when they come out it isn't clear, we ask for additional briefing then. But why waste time now? I mean, I'm very happy to listen to you, but. I think if that is what the court chooses to do, that is certainly one reasonable path. Just again, given. And I just don't know another path, because if we come down with something that is contrary to what a prior panel does, the chief judge beats us up. You know, I guess this is a question of internal Second Circuit practice. Yeah, and it's very clear. It isn't internal secret. It's something we have said again and again. I know that given the composition of the panel that one of the judges passed away, and so I have no idea if those cases will come out in a precedential opinion or what will happen. They could come out precedential in five years. They could come out with summary orders, in which case we can act. But we don't. We wait. Unless you tell us why they're different and why we should, which we may not agree with. But if you don't have a position on why you don't think there will be controlling law coming out in either of those cases that will bear on this, then I think we can bid you good evening. Or good afternoon. Well, I would note that one of our fundamental positions is that every case should be assessed based on its individual circumstances and not based on some. So why are the circumstances here different such that Black or Mariano wouldn't control? I think if the, I'm just, again, trying to think of how those cases are going to come out. But if they lay out some type of balancing test or factors that should be considered, then the court would still need to defer. There's nothing about the facts of your case that you know of that make Black and Mariano not, at least, potentially dispositive. That's correct. Yes. Thank you. OK. If there are no further questions, we'll rest. Thank you.